IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM BRYAN KEITH STALLINGS,     § | |
| Petitioner,     § | |
| § | |
| v.     § | Civil Action No. 4:15-CV-657-O |
| § | |
| LORIE DAVIS, Director,[1]     § | |
| Texas Department of Criminal Justice,     § | |
| Correctional Institutions Division,     § | |
| Respondent.     § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, William Bryan Keith Stallings, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On September 11, 2013, in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 1313319D, a jury found Petitioner guilty of burglary of a habitation, Petitioner pleaded true to the habitual offender notice in the indictment, and the jury sentenced him to 25 years' confinement. Adm. R., Clerk's R. 78, ECF No. 13-2. Petitioner appealed his conviction, but the Seventh District Court of Appeals of Texas affirmed the trial's court judgment on March 17, 2014, and overruled Petitioner's motion for rehearing on April 30, 2014. *Id.*, Writ 72, ECF No. 13-13 & Docket Sheet, ECF No. 13-1. Petitioner did not file a petition for discretionary review. *Id.*, Docket

---

[1] Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Texas Department of Criminal Justice, Correctional Institutions Division. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Sheet, ECF No. 13-1. On April 30, 2015, Petitioner filed a state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on July 1, 2015, without written order on the findings of the trial court.[2] *Id.,* Writ 18, ECF No. 13-13 & Action Taken, ECF No. 13-14. This federal habeas petition challenging his conviction was filed on August 23, 2015.[3] Pet. 10, ECF No. 3. Petitioner raises one ground for relief alleging there was no evidence to support his conviction. *Id.* at 6-7. Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Answer 4-7, ECF No. 14.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially

---

[2]A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on April 30, 2015; thus, the Court deems the application filed on that date.

[3]A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the federal petition, Petitioner asserts that the document was placed in the prison mailing system on August 23, 2015. Pet. 10, ECF No. 3. As such, the petition is deemed filed on that date.

>recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final on May 30, 2014, upon expiration of the time that Petitioner had for filing a petition for discretionary review, triggering limitations, which expired one year later on Monday June 1, 2015.[4] *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, Petitioner's federal petition was due on or before June 1, 2015, absent any tolling.

Petitioner's state habeas application pending 63 days, operated to toll the limitations period through August 3, 2015. 28 U.S.C. § 2244(d)(2). Therefore, Petitioner's federal petition filed on August 23, 2015, is untimely, unless he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v.*

---

[4] May 30, 2015, was a Saturday.

3

*Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner did not file a reply to Respondent's answer or make any effort to demonstrate that he was prevented in some extraordinary way from asserting his rights in state or federal court. Nor does he produce new evidence in an attempt to show he is actually innocent of the offense. *Schlup v. Delo,* 513 U.S. 298, 329 (1995). Consequently, Petitioner's federal petition was due on or before August 3, 2015. His petition filed on August 23, 2015, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 6th day of May, 2016.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE